## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| FIRST CHURCH OF WATERVILLE, and STEPHEN MEIDAHL, </br></br>Plaintiffs, </br></br>v. </br></br>THE CITY OF WATERVILLE; MICHAEL MORRIS, in his official capacity, BRANDON GILLEY, in his official capacity, FLAVIA DEBRITO, in her official capacity, THOMAS KLEPACH, in his official capacity, REBECCA GREEN, in her official capacity, RIEN FINCH, in his official capacity, and CATHY HERARD, in her official capacity, </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br>No. _____ |

## **COMPLAINT**

Plaintiffs First Church of Waterville and its pastor, the Rev. Stephen Meidahl (collectively "First Church"), through their undersigned counsel, states the following as their Complaint against Defendants the City of Waterville through its elected Mayor, Michael Morris, and its elected City Council members, Brandon Gilley, Flavia DeBrito, Thomas Klepach, Rebecca Green, Rien Finch, and Cathy Herard. Defendants are referenced collectively herein as "Waterville" or the "City."

### INTRODUCTION

1. First Church owns property located at 3-5 & 7 Park Street in Waterville, Maine, (the "Property") abutting its historical church building. The Church seeks to utilize the Property to provide its elderly and disabled congregants with a safer means of accessing the church building. But the City of Waterville has stymied First Church's religious land use through imposition of a one-of-a-kind zoning ordinance applied against the Church Property and none other with

conditions that are more restrictive than what the City imposes upon any neighboring parcel, residential or commercial. The City has interpreted the First Church Property's unique zoning regulation can prohibit the church from removing two vacant and uninhabitable structures that otherwise prevent First Church from installing an improved handicap-accessible entry to its church building. The Church needs the modified entry accommodate vehicular drop-offs for older and disabled congregants who struggle to navigate the Church's existing ramp located more than 350 feet away from the nearest lawful vehicle drop-off. First Church has petitioned the City for relief, including a request to amend the Property's zoning by applying the most restrictive general zoning requirements that are applicable to the Church's neighbors and would allow removal of the unwanted buildings. The City not only denied First Church's requests for relief, but found ways to increase the burden: The City in 2024 began imposing property taxes on the tax-exempt Church's unwanted buildings because the City recognized the uninhabitable buildings it had mandated the Church to indefinitely retain serve no tax-exempt church purpose.

Waterville's arbitrary and discriminatory implementation of the Property's land use regulations substantially burden First Church's rights of religious exercise without any compelling government interest to do so. Substantial burdens include the City's effective requirement that First Church perpetually maintain and pay taxes on the Property's unwanted and unhabitable buildings, and the resulting prohibition of the Church's efforts to provide its elderly and disabled congregants adequate access to safely attend religious services. Moreover, comparison between the City's routine approvals of zoning ordinance amendments requested by nonreligious landowners, and its repeated and systematic denials of First Church's petitions exhibits the City's practice of treating First Church on less than equal terms with nonreligious landowners, suggesting an invidious discriminatory treatment based upon religion.

2.	The City's conduct and interference with First Church's religious exercise establishes violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq.* ("RLUIPA"), the Free Exercise Clause of the First Amendment to the United States Constitution, and Article I, Section 3 of the Maine Constitution.  First Church asks that the Court grant declaratory and injunctive relief barring continued implementation of the City's unlawful zoning scheme as applied to First Church, and order that the City pay First Church's reasonable attorney fees incurred to defend its civil rights pursuant to 42 U.S.C. § 1988(b).

## JURISDICTION AND VENUE

3.	This action seeks to vindicate First Church's rights to free exercise of its religion guaranteed by RLUIPA and the First and Fourteenth Amendments to the United States Constitution, and is brought pursuant to 42 U.S.C. § 2000cc and 42 U.S.C. § 1983.

4.	The Court has federal question jurisdiction of this civil rights action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), (4).

5.	The Court also has supplemental jurisdiction over the claim asserted under Article I, Section 3 of the Maine Constitution pursuant to 28 U.S.C. § 1367(a) because that claim is so related to First Church's claims under RLUIPA and 42 U.S.C. § 1983 that they form part of the same case or controversy under Article III of the United State Constitution.

6.	This Court has jurisdiction pursuant to 28 U.S.C. §§ 2201-2202 to declare rights of the parties and to grant all further relief found necessary and proper.

7.	Venue is proper pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

8.	Plaintiff First Church of Waterville is a non-profit and non-denominational independent religious institution established in 1818 and located at 1 Park Street in Waterville,

Maine, formerly known as First Baptist Church of Waterville.  First Church owns the restricted Property deed recorded in the Kennebec County Registry of Deeds in Book 14907, Page 117.

9. Plaintiff Stephen Meidahl is First Church's appointed minister, pastor and representative.

10. Defendant City of Waterville is an incorporated municipality located in Kennebec County, Maine.

11. Defendant Michael Morris, who is named strictly in his official capacity, is the City's elected mayor and chief executive officer.

12. Waterville's legislative branch is its City Council, which serves as the City's authorized final decisionmaker regarding the approval or rejection of proposed amendments to a zoning district pursuant to City Code § 275-7.1.

13. Defendants Brandon Gilley, Flavia DeBrito, Thomas Klepach, Rebecca Green, Rien Finch, and Cathy Herard are the City Council's currently elected members.  Each of whom is named strictly in their official capacity.

FACTS COMMON<br>TO ALL COUNTS

A. **Waterville's Enactment of the Contract Zone**

14. On or about March 17, 2020, the Council voted to approve and adopt Ordinance No. 51-2020, which enacted an amendment to the zoning district exclusively governing the Property located at 3-5 & 7 Park Street (also identified as Assessor Parcels 48-251 and -252).  At the time of the Ordinance, the Property was owned by First Church's predecessor-in-title, who sought to open a commercial day spa in the residential zone in one of the Property's existing buildings.

15. Ordinance No. 51-2020 consequently rezoned the Property from "Residential-D" to "Contract Zoned District Commercial-A" with provisions unique to the Property (the "Contract Zone" or "Contract Zoning").

16. The Residential-D zone permits churches and parish house facilities, whereas the Contract Zone limits the Property's use to particular commercial or residential uses, including restricting 3 Park Street to use as two residential apartments; 5 Park Street to use as a beauty salon and spa, professional office, or residence; and 7 Park Street to use as a parking lot.

17. The Ordinance's so-called "Summary" notes: "This rezoning is necessary to allow William Dangler to move his hairdressing and spa business to 3-5 and 7 Park Street" and "[t]he conditions of the contract are intended to preserve the residential character of the abutting neighborhood."

18. No such hairdressing and spa business ever relocated or conducted business on the Property.

19. Much of the neighborhood surrounding the Property remained and continues to remain a Residential-D zoning district, making this unique Contract Zone particularly incongruent with the general uses of the surrounding neighborhood.

20. The Council approved the Ordinance on the City's behalf, and it took effect on April 7, 2020.

**B.     First Church's Acquisition and Attempted Use of the Property**

21. In or around October 2023, First Church purchased the Property through a Warranty Deed dated October 26, 2023, and recorded at the Kennebec County Registry of Deeds at Book 14907, Page 117.

22. The primary purpose for First Church's purchase of the Property is to install an improved handicap-accessible drop-off area and entryway to the church building, as well as to provide off-street and handicap-accessible parking.

23. Before First Church's purchase of the Property, it had repeatedly tried to facilitate a vehicle drop-off area at its existing entry ramp without success. First Church was unable to acquire rights over an abutting private entryway to use for the improved handicap-accessible entryway and vehicle drop-off area. These prior obstacles to improving the church building's accessibility for its congregants motivated First Church to acquire the Property.

24. Without an improved handicap-accessible entryway, vehicle drop-off area, and off-street parking lot, some of First Church's older and disabled congregants are prevented from attending religious services because the church building's only current accessible entry ramp cannot accommodate vehicle drop-offs anywhere in its vicinity, thus requiring those congregants to have to park and then walk prohibitively long distances to the church entryway.

25. First Church also intended to use the Property to support its other religious activities, including, for example, using some portion of the Property for auxiliary parish house facilities.

26. To use the Property for these intended purposes, First Church must remove the existing buildings on the Property that obstruct the only feasible location for installation of the improved handicap-accessible church entry.

27. By the time that First Church purchased the Property, the existing buildings thereon were already vacant and uninhabitable. The prior owner of the Property had gutted those buildings' residential units, rendering them uninhabitable and unfit for any residential use.

28. First Church received no actual or constructive notice, either through its predecessor-in-title or through the Property's recorded restrictive covenants, that removal of the existing residential structures was deemed by Waterville to constitute a strict violation of the Property's applicable Contract Zoning.

29. Those existing buildings do not have any historic or other special significance.

**C.   Implementation of the Contract Zone Against First Church**

30. In late 2023, First Church submitted a request to the City's code enforcement officer for a permit to demolish the two uninhabitable former apartment buildings on its Property.

31. The Council unilaterally converted First Church's request for a demolition permit to an application to modify First Church's Contract Zoning, which required review by the City's Planning Board, and subsequent approval by the Council.

32. The Council swiftly denied First Church's converted application at a preliminary stage, based on its interpretation that the applicable Contract Zoning requires that First Church maintain all existing structures on the Property to be used as residences.  In so doing, the Council completely disregarded its ordinance requiring that every proposed zoning amendment "shall first be referred by the City Council to the Planning Board for report and recommendation." City Code § 275-7.1(B).

33. Waterville's interpretation of the Property's Contract Zone requirements is not a generally applicable land use regulation that applies to other landowners, but rather is a special requirement that applies exclusively to First Church's Property and no other landowner.

34. On or around July 3, 2024, First Church petitioned the City to amend the Property's burdensome Contract Zone by returning that Property to its original zoning within the surrounding Residential-D district.

**D.      Discriminatory Treatment Without Compelling Governmental Interest**

35.     Waterville's subsequent conduct and comments in considering First Church's rezoning petition—particularly in view of its unequal treatment of similar rezoning petitions submitted by non-religious institutions over the last four years—demonstrate an arbitrary and discriminatory application of the City's land use regulations and support an inference that the City acts with hostility toward First Church.

36.     For example, during an August 2024 meeting regarding First Church's rezoning petition, one city councilor commented that the Council's referral of the petition to the Planning Board was only done because the Council had no alternative.  That comment was made after First Church's attorney had reminded the Council through its attorney of the Council's obligation under City Code § 275-7.1(B) to refer such rezoning petitions to the Planning Board before taking action.

37.     Upon information and belief, Waterville asserts that rejection of First Church's development and rezoning requests are justified by the City's interest in increasing the number of available housing units within the City.

38.     No such governmental interest is achieved by Waterville's actions to strictly interpret First Church's Contract Zone in a manner that arbitrarily compels First Church to perpetually maintain vacant, formerly residential buildings that will never contribute to the City's stock of housing units.

39.     To the contrary, Waterville's handling of First Church's requests for accommodation effectively compels First Church to maintain useless structures on its Property that are more likely to blight than to benefit the community, while at the same time substantially burden the Church by preventing it from using its Property for its desired purpose to facilitate its religious activities.

40. The City's purported interest in promoting available housing is further belied by the fact that Waterville has repeatedly approved requests to rezone residential parcels for non-residential purposes over the last four years. Since April 2021, Waterville has considered and approved rezoning requests for at least ten parcels that landowners have sought to remove from residential zoning to use for some non-residential purpose. The Council granted every one of those applications despite their removal of properties from possible residential use.

41. Upon information and belief, none of those re-zoning applications that the City had granted was brought by a religious institution.

42. Further compounding the substantial burden on First Church's free exercise of religion, the City gave First Church notice in or around September 2024 that the City intended to begin assessing property taxes against First Church for the vacant buildings on its Property. That assessment of property taxes reflects the City's awareness that maintenance of the uninhabitable buildings on its Property is incompatible with any religious uses, which are tax exempt.

43. On or around October 8, 2024, First Church sent the City a letter notifying it that Waterville's actions raised serious concerns under federal law and that the denial of First Church's rezoning petition would violate First Church's federally protected free exercise rights.

44. Nonetheless, the Council on November 19, 2024, unanimously denied First Church's rezoning petition on the City's behalf.

45. First Church subsequently submitted a petition seeking an amendment to the Contract Zone's provisions.

46. First Church's requested amendment to the Contract Zone, developed by First Church in conjunction with the City's attorney, police chief and town engineer, was endorsed with

a recommendation by City's Planning Board on January 28, 2025, and referred back to the Council for final action.

47. On February 18, 2025, the Council voted to not adopt First Church's compromise proposal amending the Contract Zone, indefinitely continuing the regulation's implementation and imposition.

## COUNT I
### RLUIPA Substantial Burden
### 42 U.S.C. §§ 2000cc(a)

48. First Church repeats and realleges the allegations set forth above as if fully set forth herein.

49. RLUIPA provides that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution … is in furtherance of a compelling governmental interest … [and] is the least restrictive means of furthering that compelling governmental interest."

50. RLUIPA further defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief," 42 U.S.C. § 2000cc-5(7)(A), and it specifically provides that "[t]he use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose," *id.* § 2000cc-5(7)(B).

51. First Church is a religious institution within the meaning of RLUIPA.

52. Defendants are government actors within the meaning of RLUIPA because the City of Waterville is a municipal entity created under the authority of the State of Maine, and governed through its elected City Council pursuant to its governmental charter.

53. The Contract Zone governing First Church's use and improvement of the Property constitutes the imposition and/or implementation of a land use regulation within the meaning of RLUIPA.

54. Waterville's interpretation and application of the Contract Zone to prevent First Church's desired uses and subsequent denial of First Church's rezoning petition to allow those desired uses substantially burden First Church's free exercise of its religion in violation of RLUIPA.

55. The substantial burden First Church endures through the City's interpretation and imposition of the Contract Zone upon First Church's Property includes the obligation to maintain in perpetuity certain vacant, former residential buildings that preclude a variety of other lawful property uses.

56. Additionally, Waterville's interpretation and imposition of the Contract Zone on First Church's Property imposes a substantial burden on First Church and its elderly or disabled congregants by preventing First Church from implementing improved handicap accessibility to ensure congregants' physical ability to access religious services.

57. The City has actual knowledge of the substantial burden arising from continuing their strict, arbitrary enforcement of the unique Contract Zone against First Church, and prohibiting amendments to the Property's land use regulations.

58. Forcing First Church to maintain vacant and uninhabitable structures on its Property and prohibiting it from rezoning the Property for purposes otherwise permitted in the

surrounding residential-zoned neighborhood does not further any compelling governmental interest—let alone Defendants' purported interest in increasing the number of available housing units in the City.

59. Waterville cannot show that its interpretation and implementation of the Contract Zone is the least restrictive means of furthering any purported interest in increasing the City's housing stock, where the City has granted similar rezoning requests for other non-religious-affiliated landowners to convert residential-zoned properties to non-residential, commercial purposes over the last four years.

60. First Church is not seeking a special exemption from a generally applicable law, but rather is merely seeking to return the Property to its original zoning within the surrounding residential district to enable First Church's use of the Property for purposes that are allowed within the City's most restrictive residential districts.

61. Waterville's conduct in restricting First Church's use of its Property violates RLUIPA and the religious free exercise rights of First Church's and its congregants' protected thereunder.

## COUNT II
### RLUIPA Unequal Treatment
### 42 U.S.C. §§ 2000cc(b)(1)

62. First Church repeats and realleges the allegations set forth above as if fully set forth herein.

63. RLUIPA provides that "[n]o government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution."

64. The City's interpretation and application of the Contract Zone to prevent First Church's desired land use, and its subsequent denial of First Church's rezoning petition to allow those desired uses impose or implement a land use regulation in a manner that treats First Church on less than equal terms with non-religious institutions.

65. For example, the City has granted every rezoning request submitted by a non-religious organization over the last four years, in which those landowners sought to convert residential-zoned properties to non-residential, commercial purposes.

66. Defendants' subsequent denial of First Church's petition—the only petition submitted by a religious institution seeking rezoning to allow a non-residential, religious use—which would have simply aligned the Property's zoning with the land use restrictions applicable to its neighboring properties, suggests that Defendants subjected First Church's petition to different scrutiny than other rezoning applications that sought conversion to non-residential, commercial uses.

67. Conduct and comments by Council members and other City representatives support an inference that Defendants acted with hostility toward First Church in denying its rezoning petition.

68. Waterville's unequal treatment of First Church's rezoning petition as compared to other similar rezoning petitions submitted by non-religious institutions violates First Church's and its congregants' religious exercise rights protected under RLUIPA.

### COUNT III
### Free Exercise Clause of First Amendment
### 42 U.S.C. § 1983

69. First Church repeats and realleges the allegations set forth above as if fully set forth herein.

70. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

71. Among the rights, privileges, or immunities secured by the Constitution and laws is the Free Exercise Clause of the First Amendment to the United States Constitution, which protects individuals' rights to freely exercise their religious beliefs.

72. Defendants, acting in their official capacity as the City's Mayor and Council members, are "persons" within the meaning of Section 1983 because they are a municipality and/or the official policymaker and decisionmaker regarding rezoning decisions on behalf of the municipality.

73. Waterville's interpretation and application of the Contract Zone to prevent First Church's desired uses of its Property and subsequent denial of First Church's rezoning petition to allow those desired uses constitute an official municipal policy of the City, acting through its policymaking officials and its Council.

74. Waterville's interpretation and application of the Contract Zone to prevent First Church's desired uses of its Property and subsequent denial of First Church's rezoning petition to allow those desired uses unconstitutionally restrict First Church's and its congregants' rights to free exercise of their religion.

75. Waterville's interpretation and application of the Contract Zone to First Church's Property is not a neutral, generally applicable land use regulation that applies to other landowners, but rather was created as a special requirement and is applied exclusively to First Church's

Property—and no other landowner—in a manner that restricts and substantially burdens First Church's religious exercise.

76. Waterville cannot show that their challenged conduct is the least restrictive means of furthering any compelling governmental interest, let alone any purported housing interest, as explained above.

77. Moreover, Waterville's conduct and comments, as addressed above, support the inference that the City's treatment of First Church's rezoning petition was improperly motivated by a discriminatory animus against First Church's religious activities.

78. Waterville's conduct violates First Church's and its congregants' free exercise rights under Section 1983.

## COUNT IV
## Maine Constitution, Art. I, § 3

79. First Church repeats and realleges the allegations set forth above as if fully set forth herein.

80. Article I, § 3 of the Maine Constitution guarantees that "[a]ll individuals have a natural and unalienable right to worship Almighty God according to the dictates of their own consciences, and no person shall be hurt, molested or restrained in that person's liberty or estate for worshipping God in the manner and season most agreeable to the dictates of that person's own conscience, nor for that person's religious professions or sentiments, provided that that person does not disturb the public peace, nor obstruct others in their religious worship; -- and all persons demeaning themselves peaceably, as good members of the State, shall be equally under the protection of the laws."

81. Waterville's interpretation and application of the Contract Zone to prevent First Church's desired uses of its Property and subsequent denial of First Church's rezoning petition to

allow those desired uses has infringed First Church's and its congregants' right to the free exercise of their religion under Article I, § 3 of the Maine Constitution.

82. The Council's continued efforts to implement and enforce the Contract Zone against First Church to bar its intended use for installing improved handicap-accessible church entry, with vehicular drop-off and adjacent parking, as well as other uses facilitating First Church's religious activities like the construction of parish house facilities, violates First Church's sincerely held religious beliefs and the sincerely held religious beliefs of its congregants by preventing First Church from serving all its congregants and enabling its older and disabled congregants to participate in church services.

83. Waterville's restraint on First Church's use of the Property for purposes that would facilitate its religious mission deprives First Church and its congregants of their rights to the free exercise of their religion under Article I, § 3 of the Maine Constitution.

84. Waterville's unequal treatment of First Church's rezoning petition as compared to similar rezoning petitions submitted by non-religious institutions also deprives First Church and its congregants of their rights to the free exercise of their religion under Article I, § 3 of the Maine Constitution.

85. Waterville cannot show that their challenged conduct is the least restrictive means to adequately achieve any purported compelling public interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs First Church of Waterville and Rev. Stephen Meidahl, on behalf of the Church and its congregants, respectfully requests that the Court enter judgment for Plaintiffs on all counts, and further:

1. Declare that Waterville's continued implementation of the Contract Zone against First Church violates RLUIPA and the rights of First Church and its congregants preserved therein.

2. Declare that Waterville's continued implementation of the Contract Zone against First Church violates First Church's and its congregants' free exercise rights protected under the First Amendment of the United States Constitution and 42 U.S.C. § 1983, and under Article I, § 3 of the Maine Constitution.

3. Declare that the Contract Zone as implemented by Waterville against First Church and its congregants in violation of RLUIPA, the United States Constitution and the Maine Constitution, is null and void

4. Enjoin the City of Waterville, through its Mayor and City Council members, to bar further or future enforcement of the Contract Zone against First Church, and bar any other violation of First Church's statutorily and constitutionally protected rights of religious free exercise.

5. Award First Church its costs and attorney fees pursuant to 42 U.S.C. § 1988(b); and

6. Award such other relief that the Court deems just and proper.

Dated at Portland, Maine this 20th day of February, 2025.

        Plaintiffs First Church of Waterville
        and Rev. Stephen Meidahl

        By their attorneys,

        /s/ James G. Monteleone
        James G. Monteleone
        Lucas L. Fortier

        BERNSTEIN SHUR
        100 Middle Street, P.O. Box 9729
        Portland, ME  04104-5029
        (207) 774-1200
        jmonteleone@bernsteinshur.com
        lfortier@bernsteinshur.com